70 So.2d 826

**PARKER v. STATE.**

**8 Div. 370.**

Court of Appeals of Alabama.

Feb. 16, 1954.

Emmett N. Roden, Florence, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted in the Lauderdale County Law and Equity Court under an affidavit charging her with the possession, etc. of prohibited liquors.

A jury returned a verdict of guilty, and assessed a fine of $287.50. The court sentenced the appellant to 30 days at hard labor as additional punishment.

The evidence presented by the State was ample in its tendencies, if believed under the required rule, to support the verdict and judgment.

The evidence presented by the defense was directed toward showing that no alcoholic beverages were found by the officers in their search of appellant's restaurant, and that a liquid which the officers found in a receptacle in the kitchen, and which they testified was whiskey, was in fact only dishwater.

This conflict presented only a question of fact within the sole province of the jury to resolve.

The rulings of the court were based on elemental principles, and were proper in

each instance. No purpose would be served in again restating them.

▉ The judgment entered shows, among other things, that the fine of $287.50 not being paid or confessed, the appellant was sentenced to 70 days at hard labor to pay the fine.

This portion of the judgment is erroneous in that the appellant should have been sentenced to 90 days to pay the fine. See Section 341, Title 15, Code of Alabama 1940.

This cause is therefore ordered affirmed, but is remanded for proper sentence.

Affirmed, but remanded for proper sentence.